UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

IN RE EX PARTE APPLICATION OF
FRONTIER CO., LTD.,

Case No. 19-mc-80184-LB

**ORDER GRANTING EX PARTE APPLICATION TO SERVE SUBPOENAS FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

Re: ECF No. 1

## INTRODUCTION

Frontier Co., Ltd., alleges that an unknown individual posted defamatory and unlawful statements about Frontier on a Japanese website called 2 Channel.[1] 2 Channel features discussions, social news, and web content ratings.[2] Any individual may post content to the website.[3] An unknown source posted the following comment on October 6, 2013 under the title "Me! Me! Transfer fraud Security measures":

> Suspected of defrauding 4.8 million yen in cash by saying "you need to have purchased the resort membership to return an item." Other arrests were made from

---

[1] App. – ECF No. 1 at 2. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 3.

[3] *Id.*

ORDER – No. 19-mc-80184-LB

> the travel agency, "Apiness" (Toshima-ku), President Etsuya Noguchi (32) = Akebono-cho, Tachikawa-shi, Tokyo. Ishizuka and Noguchi both suspect, "I...Does anyone know more about this article?[4]

On October 9, 2013, an unknown source with the URL http://n2ch.net/r/-/bouhan/1158989579/1-?guid=ON ("the defendant account") posted the following comment under the same October 6, 2013, thread:

> Former worker and younger brother (Masahiro Takashi) runs the company Frontier Gate Corporation (Changed the company name top Frontier Corporation?) Are you hiding in the arrest of Etsuya Noguchi?[5]

Frontier contends that the October 9, 2013 post constituted defamation and unlawful business interference under Japanese law.[6] Frontier alleges that the purpose of the post was to harass Frontier.[7] An internet search for Frontier brings up the anonymous defendant's post, which could potentially harm Frontier's current and future business.[8]

Frontier will bring a lawsuit in Japan against the person(s) responsible for the anonymous post as soon as it learns the identity of person(s) associated with the defendant account.[9]

To that end, Frontier seeks to serve subpoenas on Cloudflare, Inc. for information related to the defendant account.[10] Frontier conducted a search for the owner of the defendant account through the Secretary of State and received a statement of information that named Cloudflare as the server for the defendant account.[11] Cloudflare "uses a network of data centers to offer reverse-proxy and content delivery services to other companies." *Swarmify, Inc. v. Cloudflare, Inc.*, No. C 17-06957 WHA, 2018 WL 4680177, at *1 (N.D. Cal. Sept. 28, 2018). It captures website data which may contain illegal information from origin servers to create a cache and shows the content

---

[4] *Id.;* Kanda Decl. – ECF No 1-2 at 2–3 (¶ 6).

[5] App. – ECF No. 1 at 3–4; Kanda Decl. – ECF No 1-2 at 2–3 (¶ 7).

[6] Kanda Decl. – ECF No 1-2 at 3–4 (¶ 8).

[7] *Id.*

[8] *Id.*

[9] *Id.* at 4 (¶ 9).

[10] App. – ECF No. 1 at 5–6.

[11] Kanda Decl. – ECF No 1-2 at 4 (¶ 9); Kanda Decl. Ex. C – ECF No. 1-2 at 13.

of the cache to viewers.[12] Cloudflare could provide information about the person who stored illegal information on the origin server.[13]

The proposed subpoena requests all documents identifying (1) "origin server IP address;" (2) "account information that registered the IP address of the origin server in Cloudflare;" (3) "IP address and time stamp when registering an origin server;" (4) "IP address and time stamp when logged into Cloudflare control panel by account;" (5) "name, address, email address[,] and telephone number of the account holder and account holder settlement information (enough information to refer to credit card company for credit card payments)."[14]

## ANALYSIS

**1. Governing Law**

Frontier makes its application for discovery under 28 U.S.C. § 1782(a), which provides in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

In order to apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258–59 (2004). Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (holding that discovery was proper under Section 1782 even though the applicant's complaint against the opposing party was only in the investigative stage). An ex parte application is an acceptable

---

[12] *Id.*

[13] *Id.*

[14] Proposed Subpoena – ECF No. 1-1 at 6.

ORDER – No. 19-mc-80184-LB          3

method for seeking discovery pursuant to Section 1782. *See In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas.)

A district court has wide discretion to grant discovery under Section 1782. *Intel,* 542 U.S. at 260–61. In exercising its discretion, a district court should consider the following factors: (1) whether the "person from whom the discovery is sought is a participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance;" (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65.

A district court's discretion is to be exercised in view of the twin aims of Section 1782: (1) providing efficient assistance to participants in international litigation and (2) encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz, LLP,* 376 F.3d 79, 84 (2d Cir. 2004).

There is no requirement that the party seeking discovery establish that the information sought would be discoverable under the governing law in the foreign proceeding or that the United States law would allow discovery in an analogous domestic proceeding. *See Intel,* 542 U.S. at 247, 261–63. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct [the] United States courts to engage in a comparative analysis to determine whether analogous proceedings exist here." *Id.*

When considering an application for discovery pursuant to Section 1782, the court considers first whether it has the statutory authority to grant the request and then whether it should exercise its discretion to do so. *Lazaridis v. Int'l Centre for Missing and Exploited Children, Inc.*, 760 F. Supp. 2d 109, 112 (D.D.C. 2011) (citations omitted).

## 2. Application

### 2.1 First Amendment

Here, the claimed acts are arguably defamation per se. The post in question is under a discussion thread for an article accusing the presidents of multiple companies, including Frontier, of defrauding 4.8 million yen.[15] The post identifies Frontier as one of the companies involved and accuses them of "hiding in the arrest of Etsuya Noguchi."[16] Falsely charging a person with a crime or violation of the "confidence reposed in him" is per se defamatory. *Wilens v. Doe Defendant No. 1*, No. 3:14-CV-02419-LB, 2015 WL 4606238, at *15 (N.D. Cal. July 31, 2015), report and recommendation adopted, No. 14-CV-02419-LHK, 2015 WL 5542529 (N.D. Cal. Sept. 18, 2015).

In the context of § 1782 discovery, the court applies the following test for "good cause" to issue subpoenas for documents identifying the author of an online post when the § 1782 application:

> (1) identifies the party with sufficient specificity that the court can determine that the party is a real person subject to suit; (2) identifies all previous steps taken to locate and identify the party; (3) demonstrates that the action can withstand a motion to dismiss; and (4) proves that the discovery is likely to lead to identifying information.

*In re Ex Parte Application of Jommi*, No. C 13-80212 CRB (EDL), 2013 WL 6058201, at *4 (N.D. Cal. Nov. 15, 2013) (*quoting Columbia Ins. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).

Frontier has satisfied the *Jommi* requirements for good cause to allow early discovery to determine the identity of an unknown defendant.

First, Frontier has demonstrated that the party is a real party subject to suit. Frontier identified the unknown defendant through the URL of their Cloudflare account, their IP address, and the specific date of the post.[17] *See Jommi*, 2013 WL 6058201, at *4 (petitioner's knowledge of the

---

[15] App. – ECF No. 1 at 4; Kanda Decl. – ECF No 1-2 at 2–3 (¶ 6).

[16] App. – ECF No. 1 at 3–4; Kanda Decl. – ECF No 1-2 at 3 (¶ 7).

[17] Proposed Subpoena – ECF No. 1-1 at 6.

1  author's "specific post on a specific blog" and the URL of the post was sufficiently specific to
2  identify the defendant as a real party).

3  Second, Frontier has identified the steps they took to identify the author. They conducted a
4  search through the Secretary of State, which revealed Cloudflare as the server for the defendant
5  account during the post.[18]

6  Third, Frontier has sufficiently demonstrated that the unknown defendant has committed an
7  unlawful act that would withstand a motion to dismiss. As discussed above the post is per se
8  defamation.

9  Fourth, the proposed subpoena is narrowly tailored to seek IP addresses, account information,
10 and identifying information for the account holder.[19] Frontier does not seek the content of any
11 communication from the defendant account.[20] *See Jommi*, 2013 WL 6058201, at *4 (finding a
12 subpoena for IP addresses and account information was narrowly tailored).

### 2.2 Statutory requirements

First, Frontier seeks discovery from Cloudflare, which is a San Francisco-based corporation.[21]

Second, the requested discovery is intended for use in a litigation in Japan.[22] Frontier intends to bring a lawsuit against the person(s) associated with the Cloudflare account in question "as soon as the person's identity is ascertained."[23] Judicial assistance is available for both foreign proceedings and investigations. *See Intel*, 542 U.S. at 243.

Third, Frontier qualifies as an "interested party" because it will be the complainant in the anticipated litigation.[24]

---

[18] Kanda Decl. – ECF No 1-2 at 4 (¶ 9); Kanda Decl. Ex. C – ECF No. 1-2 at 13.
[19] Proposed Subpoena – ECF No. 1-1 at 6.
[20] *Id.*
[21] App. – ECF No. 1 at 7. *See Swarmify*, 2018 WL 1142204, at *1.
[22] *Id.* at 8.
[23] *Id.*
[24] *Id.*

The court holds that Frontier's § 1782 application meets the three minimum statutory requirements.

### 2.3 Discretionary *Intel* Factors

The discretionary *Intel* factors also support granting the application.

#### 2.3.1 Participant in a Foreign Proceeding

The first *Intel* factor asks whether the "person from whom discovery is sought is a participant in the foreign proceeding." *Id*. at 264. If the person is a participant, "the need for §1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "a foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

Nothing suggests that Cloudflare will be a participant in the anticipated litigation in Japan.[25] This factor weighs in favor of granting the application.

#### 2.3.1 Nature of Tribunal and Receptivity to U.S. Federal-Court Judicial Assistance

The second *Intel* factor requires the court to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.

There is no evidence suggesting that a Japanese court would be unreceptive to the discovery Frontier seeks. Case law suggests that Japanese courts are generally receptive to discovery taken in the United States pursuant to section 1782. *See, e.g.*, *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d at 1219; *In re Med. Corp. H&S,* No. 19-MC-80107-SVK, 2019 WL 2299953, at *3 (N.D. Cal. May 30, 2019) (holding the second *Intel* factor weighs in favor of authorizing service of the subpoena when there is an absence of evidence that Japanese courts would object to discovery).

---

[25] *Id.* at 9.

This factor weighs in favor of granting the application.

### 2.3.1 Attempt to Circumvent Foreign Proof-Gathering Restrictions or Policies

The third *Intel* factor considers whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264–65. There is no evidence of this. Frontier is unaware of any Japanese law restricting this manner of proof-gathering proceeding.[26] The information Frontier seeks is in the United States and out of Japan's tribunal reach.[27] *See In re: Application of Joint Stock Company Raiffeinsenbank,* No. 16-mc-80203-MEJ, 2016 WL 6474224, at *6 (N. D. Cal. Nov. 2, 2016).

### 2.3.1 Undue Intrusion or Burden

The fourth *Intel* factor is whether the request is "unduly intrusive or burdensome." *Intel,* 542 U.S. at 265. The requested information satisfies the requirements of Federal Rule of Civil Procedure 26(b)(1). According to Rule 26(b)(1) parties "may obtain discovery that is relevant to any parties claim or defense." *Jommi*, 2013 WL 6058201, at *4. The identity of the author of an allegedly defamatory post is relevant to Frontier's anticipated civil defamation claim. *See Id.*; *In re Letter Rogatory,* 2017 WL 1436096, at *4 (holding petitioner's § 1782 request for specific user information to name defendants is necessary for resolving defamation claim in foreign court).

Moreover, Frontier's request is narrowly tailored and is not overly intrusive. Frontier is seeking to subpoena identifying information and not the content of any communication.[28] *See In re Gianasso*, 2012 WL 651647, at *2 (granting a § 1782 request to issue a subpoena for the name and address of an unknown individual for a civil defamation proceeding). Internet service providers and operators of communication systems are "generally familiar with this type of discovery request." *In re Roebers*, No. C12-80145 MISC RS LB, 2012 WL 2862122, at *3 (N.D. Cal. July 11, 2012) (finding § 1782 application to subpoena Apple, Inc. and Yahoo! Inc. for identifying documents was not overly burdensome.)

---

[26] Kanda Decl. – ECF No 1-2 at 5–6 (¶ 13).

[27] App. – ECF No. 1 at 9.

[28] Proposed Subpoena – ECF No. 1-1 at 6.

This factor weighs in favor of granting the application. See *Cf. In re Darmon,* 2017 WL 3283969, at *3 (finding that a "proposed subpoena [that] requests documents that establish or would help establish the identity of the author of the blog posts on Wordpress.com" did not "appear to be unduly burdensome" and was "appropriately tailored.").[29]

To further alleviate potential burden, the court in its discretion orders that the return date for Frontier's subpoena must be at least 30 days after the date Frontier serves the subpoena.

## CONCLUSION

For the foregoing reasons, the court grants Frontier's application to serve its proposed subpoena on Cloudflare. The return date for the subpoena must be at least 30 days after the date Frontier serves it, and Cloudflare may have that full time to respond or object to it.

Frontier must serve Cloudflare with a copy of this order and a copy of the standing order when it serves its subpoena.

**IT IS SO ORDERED.**

Dated: July 25, 2019

LAUREL BEELER
United States Magistrate Judge

---

[29] This does not preclude Cloudflare from contesting the subpoena. *Cf. Darmon*, 2017 WL 3283969, at *4.